UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN HIRSI, an individual,<br>Plaintiff.<br>v.<br>THE HERTZ CORPORATION, a foreign corporation,<br>Defendant. | Case No. 2:16-cv-00333<br>ANSWER AND ADDITIONAL DEFENSES |

## I. ANSWER

Defendant The Hertz Corporation ("Hertz"), in answer to the Complaint ("Complaint") brought by Plaintiff Hassan Hirsi ("Plaintiff") on behalf of an alleged class (the "Putative Class"), admits, denies and defends as follows:

NATURE OF THE ACTION

1. Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations as to why Plaintiff brings this action, his personal knowledge or the information and beliefs of his attorneys, and thus denies the same. Paragraph 1 also contains legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 1.

2. The allegations in Paragraph 2 constitute legal conclusions or arguments that do not require a response. Hertz otherwise denies that the allegations in Paragraph 2 state a cause of action for Plaintiff or the Putative Class that is cognizable before this Court.

3. The allegations in Paragraph 3 of the Complaint constitute legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 3.

PARTIES

4. Hertz is without knowledge or information sufficient to form a belief as to Plaintiff's residency. Hertz affirmatively states that Hassan Yusuf Hirsi worked for a Hertz-affiliated company. Hertz otherwise denies the allegations in Paragraph 4.

5. Hertz admits and affirmatively states that it provides car rental services at the Seattle-Tacoma International Airport and that it is a foreign corporation incorporated in Delaware with its principal executive offices and worldwide headquarters in Estero, Florida. Hertz otherwise denies the allegations in Paragraph 5.

6. Hertz admits to making publicly accessible representations regarding its operation of the Hertz, Dollar, Thrifty and Firefly car rental brands in many countries, including the United States. Because Paragraph 6 of the Complaint does not identify the specific source or date for the language quoted therein, Hertz is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and thus otherwise denies the same.

7. Hertz admits that Hertz and Hertz-affiliated companies employed Hassan Yusuf Hirsi and the Putative Class. The allegations in Paragraph 7 are based upon and contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 7.

JURISDICTION AND VENUE

8. Hertz admits and affirmatively states that it has facilities and employees, and

does business, in King County, Washington. The allegations in Paragraph 8 are otherwise based upon and contain legal conclusions or arguments that do not require a response. Hertz denies the remaining allegations in Paragraph 8.

SUBSTANTIVE ALLEGATIONS

9. The allegations in Paragraph 9 constitute legal conclusions or arguments that do not require a response.

10. The allegations in Paragraph 10 constitute legal conclusions or arguments that do not require a response.

11. The allegations in Paragraph 11 constitute legal conclusions or arguments that do not require a response.

12. The allegations in Paragraph 12 constitute legal conclusions or arguments that do not require a response.

13. The allegations in Paragraph 13 constitute legal conclusions or arguments that do not require a response.

14. The allegations in Paragraph 14 constitute legal conclusions or arguments that do not require a response.

15. The allegations in Paragraph 15 constitute legal conclusions or arguments that do not require a response.

16. The allegations in Paragraph 16 constitute legal conclusions or arguments that do not require a response.

FACTUAL ALLEGATIONS AS TO PLAINTIFF

17. Hertz affirmatively states that Hassan Yusuf Hirsi was employed by a Hertz-affiliated company. Hertz otherwise denies the allegations in Paragraph 17.

18. Hertz denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 constitute legal conclusions or arguments that do not require a response.

CLASS ALLEGATIONS

20. Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegation as to why Plaintiff brings this action. Hertz denies that the class definition is appropriate, denies that any class or class proceeding is appropriate, and further denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 constitute legal conclusions or arguments that do not require a response.

22. Hertz affirmatively states that Hertz and its affiliated companies employed approximately 394 employees who worked one or more hours within the City of SeaTac from January 1, 2014 to September 1, 2015 and who (at some time) earned less than $15.00 per hour. The allegations in Paragraph 22 otherwise contain legal conclusions or arguments that do not require a response. Hertz otherwise denies that there is a class and denies the allegations in Paragraph 22.

23. Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's and his counsel's willingness and abilities, and thus denies the same. The allegations in Paragraph 23 otherwise contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 23.

24. The allegations in Paragraph 24 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 27.

28. The allegations in Paragraph 28 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 29.

## CAUSES OF ACTION

### Count 1

30. The allegations in Paragraph 30 contain legal conclusions or arguments that do not require a response.

31. The allegations in Paragraph 31 contain legal conclusions or arguments that do not require a response.

32. The allegations in Paragraph 32 contain legal conclusions or arguments that do not require a response.

33. The allegations in Paragraph 33 contain legal conclusions or arguments that do not require a response.

34. The allegations in Paragraph 34 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 34.

### Count 2

35. The allegations in Paragraph 35 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 35.

### Count 3

36. The allegations in Paragraph 36 contain legal conclusions or arguments that do not require a response. Hertz otherwise denies the allegations in Paragraph 36.

## PRAYER FOR RELIEF

37. Plaintiff's Prayer for Relief and its subparagraphs A through G therein set forth requests for relief that do not require a response. Hertz, however, denies that Plaintiff and the Putative Class are entitled to the relief requested in the Complaint or to any relief whatsoever

from this Court.

DEMAND FOR JURY TRIAL

38. Plaintiff's Demand for a Jury Trial does not require a response.

39. Hertz denies each and every allegation not expressly admitted in the foregoing.

## II. ADDITIONAL DEFENSES

By way of further answer and defense, Hertz states:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The initiative on which Chapter 7.45 of the Seattle Municipal Code is based is invalid and Chapter 7.45 of the Seattle Municipal Code is void.

3. The Court lacks subject matter jurisdiction over certain claims in the Complaint.

4. Plaintiff has failed to join necessary and indispensable parties.

5. Hertz was not Plaintiff's employer, Plaintiff was not an employee of Hertz, and thus Hertz is not responsible for the claims and damages asserted in the Complaint.

6. The claims are preempted or exclusively governed, in whole or in part, by federal labor law, including Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

7. The claims are subject in whole or in part to mandatory grievance and arbitration procedures.

8. The claims are barred in whole or in part by the failure to exhaust administrative and contractual remedies.

9. The claims are barred in whole or in part by the relevant statutes of limitations and other limitations periods.

10. Hertz asserts the defense of payment.

11. The claims are otherwise preempted by federal law, including without limitation the National Labor Relations Act, 29 U.S.C. §§ 151-169, the Railway Labor Act,

45 U.S.C. §§ 151-188, the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (1978) (codified as amended in sections of 49 U.S.C., including 49 U.S.C. § 41713(b)(1)) and/or the Commerce Clause and/or Due Process requirements of the United States Constitution.

12. The claims are barred in whole or in part pursuant to the doctrines of waiver, laches, estoppel, collateral estoppel, acquiescence, ratification, res judicata, accord and satisfaction, settlement, release and unclean hands.

13. Plaintiff lacks standing to pursue claims asserted in the Complaint.

14. Some or all members of the Putative Class are exempt from, or fall within exemptions from or exceptions to, some or all wage requirements pursuant to relevant wage laws. These exemptions include, but are not limited to, the exemptions and exceptions in provisions such as RCW 49.46.010(3), RCW 49.46.110, RCW 49.46.130(2), WAC 296-126-021, 25 WAC 296-128-012, DLI Administrative Policy ES.A.8.1, Seattle Municipal Code 7.45.010, Seattle Municipal Code 7.45.050 and Seattle Municipal Code 7.45.110.

15. Relief pursuant to RCW 49.52.070 is not justified because Plaintiff and/or some or all of the Putative Class are not employees, Hertz did not willfully and intentionally deprive any employee of compensation, Hertz did not reach a consensus to do so, any arguably improper withholding was the result of inadvertence or good faith dispute, and Plaintiff and/or some or all of the Putative Class knowingly agreed and submitted to any alleged violations of the law.

16. No award of attorneys fees could be appropriate or reasonable because Plaintiff and/or the Putative Class have been paid above the state minimum wage, have been paid all amounts due, have failed to identify or report the amounts they seek or claim as due, and have failed to exhaust available contractual and administrative remedies to obtain any such amounts.

17. To the extent Hertz is found liable for any unpaid wages or other amounts,

Hertz claims a credit or setoff for all amounts actually paid to Plaintiff and the Putative Class, all amounts advanced or paid in excess of that to which Plaintiff or the Putative Class were legally entitled, all amounts paid as premium rates that are not calculated as part of their regular rates, all time that they reported or claimed as work time that they did not in fact work, all amounts or time to which they were not entitled under the relevant wage laws, and all other amounts or time that Plaintiff and/or the Putative Class took to which they were not entitled, if any.

18. Hertz specifically reserves the right to raise additional defenses as they may become known through the course of further investigation and discovery.

## III. PRAYER

WHEREFORE, having fully answered all allegations contained in the Complaint, Hertz prays that:

1. Plaintiff take nothing by the Complaint;

2. Plaintiff's claims be dismissed with prejudice and without cost to Hertz;

3. Hertz be awarded its fees, expenses and costs to the fullest extent permitted by law;

4. Hertz be granted such other and further relief as the Court may deem just and equitable.

DATED this 11th day of March, 2016.

K&L GATES LLP

By: s/ Daniel P. Hurley
By: s/ Mark S. Filipini
By: s/ Patrick M. Madden
Daniel P. Hurley, WSBA #32842
Mark S. Filipini, WSBA #32501
Patrick M. Madden, WSBA #21356
K&L Gates LLP
925 4th Ave., Suite 2900

Seattle, WA 98101
Tel: (206) 623-7580
Fax: (206) 623-7022
E-mail: daniel.hurley@klgates.com
E-mail: patrick.madden@klgates.com
E-mail: mark.filipini@klgates.com
Attorneys for Defendant,
The Hertz Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on March 11th, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Duncan C. Turner
Badgley Mullins Turner PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: duncanturner@badgleymullins.com

Cleveland Stockmeyer
Cleveland Stockmeyer PLLC
8056 Sunnyside Ave. N.
Seattle, WA 98103
Telephone: (206) 419-4385
Email: cleve@clevelandstockmeyer.com

Daniel R. Whitmore
Law Office of Daniel R. Whitmore
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400
Facsimile: (206) 329-84001
Email: dan@whitmorelawfirm.com

K&L GATES LLP

By: s/ Anita Spencer
Anita Spencer
K&L Gates LLP
925 4th Ave., Suite 2900
Seattle, WA 98101
Tel: (206) 623-7580
Fax: (206) 623-7022
E-mail: anita.spencer@klgates.com