UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN HIRSI, an individual,<br><br>                 Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation, HERTZ TRANSPORTING, INC, a Delaware corporation, FIREFLY RENT A CAR LLC, a Delaware company and DTG OPERATIONS, INC., an Oklahoma corporation,<br><br>                 Defendants. | Case No. 2:16-cv-00333 RSL<br><br>ORDER GRANTING STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT |

Before the Court is the parties' Stipulated Motion for Certification of Settlement Class and for Preliminary Approval of Class Action Settlement (the "Stipulated Motion"). Dkt. #47. The Court has considered the motions, together with the supporting declarations and exhibits.

This Court has reviewed the Parties' Conditional Settlement Agreement ("Agreement"), as well as the files, records, and proceedings to date in this matter.[1]

Based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the

---

[1] For purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Stipulated Motion, unless otherwise defined.

ORDER - 1

Settlement Class (as defined in Paragraph B below) to confirm that the Agreement and Settlement are fair, reasonable, and adequate, and to determine whether the Settlement should be approved and final judgment entered in this action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

A. **Preliminary Approval of Proposed Settlement**.

The Agreement is preliminarily approved as fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

B. **Class Certification For Settlement Purposes Only**.

Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All employees of The Hertz Corporation, Hertz Transporting, Inc., Firefly Rent-A-Car, LLC, and DTG Operations, Inc. (collectively, "Hertz") who: (a) at any time during the period from January 1, 2014, to October 31, 2015, reported to (*i.e.*, clocked in and clocked out at) a worksite within the City of SeaTac; (b) can be ascertained from Hertz's records as having had a base hourly wage rate at any time during this same period that was less than the minimum hourly wage prescribed by the City of SeaTac's Ordinance Setting Minimum Employment Standards for Hospitality and Transportation Industry Employers, City of SeaTac Municipal Code Chapter 7.45 (the "Ordinance"); and (c) prior to March 1, 2018, did not file a wage complaint against Hertz with L&I pursuant to the 2006 Wage Payment Act, RCW 49.48.082-.087, asserting a claim of underpayment of wages during this same period premised upon an alleged violation of the Ordinance ("L&I Wage Claim") (provided, however, that any person who filed, but timely withdrew, such an L&I Wage Claim prior to March 1, 2018, is included in the Putative Class).

The Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) are satisfied for settlement purposes. The Court also finds that the predominance,

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

manageability, and superiority requirements of Rule 23(b)(3) are satisfied for settlement purposes.

Accordingly, the Court orders as follows:

1. Plaintiff is appointed Class Representative; and

2. Plaintiff's Counsel are hereby appointed and designated as "Class Counsel" and are authorized to act on behalf of the members of the Settlement Class.

C. **Settlement Hearing**.

A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Robert S. Lasnik on December 5, 2018, at 10:00 a.m. to determine whether the Agreement is fair, reasonable, and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive award to Plaintiff, and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph M below. The Final Settlement Approval Hearing, and all dates provided for herein, may, without further notice to the Class, be continued or adjourned by order of this Court. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled. The scope of the Released Claims shall be (as set forth in Section 6.01 of the Agreement): "claims arising under, and/or otherwise dependent upon, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Washington Minimum Wage Act, RCW 49.46 *et seq.*, the Washington Wage Rebate Act, RCW 49.52 *et seq.*, the Washington Industrial Welfare Act, RCW 49.12 *et seq.*, Section 7.45 of the City of SeaTac City Code ("the Ordinance"), the law of contract, and the law of equity; and any claim to attorneys' fees and costs based on the claims released in this paragraph and/or the Action."

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

D. **Class Notice**.

Class Notice shall be sent within thirty (30) days following entry of this Order. Dahl Administration, LLC, is appointed as Claims Administrator.

E. **Mail Notice**.

The Claims Administrator will provide mail notice to persons in the Settlement Class for whom the Defendant possesses a mailing address. Mail Notice will be sent via first-class mail to the most recent mailing address as reflected in reasonably available employment records of the Defendant. Skip tracing shall be performed by the Claims Administrator for all returned mail.

The Claims Administrator shall also provide email notice to persons in the Settlement Class for whom the Defendant possesses an email address.

F. **Findings Concerning Class Notice**.

The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Federal Rule of Civil Procedure 23. The Court hereby approves the Notice in substantially the same form as that attached as Exhibit 2 to the Declaration of Duncan C. Turner. Dkt. #48-2.

G. **Administration**.

The Court confirms that it is appropriate for the Defendant to provide the information necessary to provide the notice contemplated herein and to administer the settlement, including names, addresses, and personal identifying information.

H. **Exclusion from the Settlement Class**.

Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within thirty (60) days after the Notice Mailing Date. All

ORDER - 4

Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in this action. Exclusion requests must contain the person's name, address, telephone number, and signature, and must include the following statement: "I request to be excluded from the class settlement in *Hirsi v. The Hertz Corporation*, *et al.*, Case No. 2:16-cv-00333 RSL." Within 15 days after the exclusion deadline, the Claims Administrator will file a declaration that provides copies of all exclusions received.

I. **Objections and Appearances**.

Any person in the Settlement Class who has not timely submitted an exclusion request may object to the proposed Settlement and appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive award to the named Plaintiff. In order to be heard at the hearing, the person must make any objection in writing and mail it to the designated address not later than October 29, 2018. Any objections that are not timely filed and mailed may be forever barred.

J. **Further Papers In Support Of Settlement And Fee Application**.

Class counsel shall file their fee request on or before the Notice Mailing Date. The deadline to respond to objections shall be fifteen (15) days following the Exclusion/ Objection deadline.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

K. **Effect of Failure to Approve the Agreement**.

In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

1. All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;
2. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel, or preclusion shall be asserted in any litigated certification proceedings in the Action;
3. The Agreement and its existence shall be inadmissible to establish any fact or any alleged liability of the Defendant for the matters alleged in this action or for any other purpose; and
4. Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiff on any point of fact or law.

L. **Stay/Bar Of Other Proceedings**.

All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf, are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against the Defendant (or any other entity or person covered by the release in Section 6.01 of the Agreement) any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any claims covered by the release set forth in the Agreement.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

M. **Timeline**.

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | July 27, 2018 |
| Notice Mailing Date | August 27, 2018 |
| Plaintiff's Counsel's Fee Motion Submitted | August 27, 2018 |
| Exclusion/Objection Deadline | October 29, 2018 |
| Claims Administrator's Filing of Exclusion Requests | November 13, 2018 |
| Final Approval Brief and Response to Objections | November 19, 2018 |
| Final Approval Hearing / Noting Date | December 5, 2018 |
| Final Approval Order Entered | At the Court's Discretion |

The Final Hearing is scheduled on December 5, 2018 at 10:00 a.m. in Courtroom 15106 at the United States Courthouse, 700 Stewart Street, Seattle, WA 98101.

**IT IS SO ORDERED**

DATED this 27th day of July, 2018.

*/s/ Robert S. Lasnik*
HONORABLE ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

ORDER - 7