The Honorable Robert Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN HIRSI, an individual,<br><br>                      Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation, HERTZ TRANSPORTING, INC, a Delaware corporation, FIREFLY RENT A CAR LLC, a Delaware company and DTG OPERATIONS, INC., an Oklahoma corporation,<br><br>                      Defendants. | Case No.  2:16-cv-00333 RSL<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND CLASS REPRESENTATIVE'S INCENTIVE AWARD**<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 5, 2018 at 10:00 a.m.** |

      Counsel for the Plaintiff and Class, Badgley Mullins Turner, PLLC and the Law Office of Daniel Whitmore ("Class Counsel"), respectfully submit this Motion for Attorney's Fees, Costs, and Class Representative's Incentive Awards on behalf of Plaintiff Hassan Hirsi.

## I. FACTUAL HISTORY.

      In November 2013, voters in SeaTac, Washington approved Proposition 1 and set a $15.00 hourly minimum wage for hospitality and transportation workers within the city. Proposition 1 was codified as SeaTac Municipal Code 7.45 (the "Ordinance") and went into effect January 1, 2014. After the Ordinance went into effect, the Defendants The Hertz

Corporation, Hertz Transporting, Inc., Firefly Rent-A-Car, LLC, and DTG Operations, Inc. (collectively, "Hertz" or "Defendants") failed to pay its workers the prescribed minimum wage.

Class Counsel has frequently represented workers in and around Seattle-Tacoma International Airport. Through these relationships, Class Counsel learned that many employers were ignoring the Ordinance and the failing to pay the prescribed minimum hourly wage. When these workers expressed an interest in seeking payment of the mandated wage, Class Counsel began meeting with workers and researching a potential class action against Hertz.

This class action and others like it send an important message to employers and deter exploitation of low-income hourly worker. Despite their concerns about potential retaliation, Plaintiff persevered and have bettered the lives of their co-workers and others working in SeaTac, WA.

This action was originally filed in King County Superior Court on January 22, 2016. Defendants removed the case to federal court on March 4, 2016.  An Answer to Complaint was filed on March 11, 2016 (Dkt. #10).  Between November and May 2018, counsel for the Parties participated in earnest and arms-length settlement negotiations.  On June 8, 2018, the Parties completed the execution of the Conditional Settlement Agreement attached as Exhibit 1 to the Declaration of Duncan C. Turner (the "Settlement Agreement.").  Under the Settlement Agreement, Hertz will pay up to Six Hundred Forty Thousand, Four Hundred Ninety-Four Dollars, and Sixty-Seven Cents ($640,494.67), inclusive of requested incentive awards and attorney's fees and costs.

In considering settlement, Class Counsel weighed and researched the arguments raised by Hertz in negotiations. After considering these arguments and weighing the risk of an unfavorable outcome posed by continued litigation, the Plaintiff accepted Hertz's settlement offer as

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 2
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

embodied in the Settlement Agreement.  The Settlement Agreement represents all unpaid wages, interest payments for employees who did not receive back pay, interest for employees who previously received back pay, attorney's fees, and an incentive award for the class representative.

As with other class actions arising under the Ordinance, there were relatively limited facts in dispute. During negotiations, Hertz raised legal arguments that required legal research and discussions with co-counsel; this is reflected in Class Counsel's proposed lodestar cross-check.

Further, Class Counsel requests the Court award Class Representative Hassan Hirsi the amount of $1,000.00 for the time incurred and risk of pursuing this litigation.

## II. DISCUSSION.

The common fund doctrine dictates that lawyers who recover "common funds" are entitled to award of attorney's fees from the common fund.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). The doctrine's central purpose is to spread litigation expenses among those who benefit. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989). Courts applying the common fund doctrine must ensure the fees awarded are "fair, reasonable, and adequate." See *Staton*, 327 F.3d at 963-64 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court should consider Class Counsel's request in light of the Six Hundred Forty Thousand, Four Hundred Ninety-Four Dollars, and Sixty-Seven Cents ($640,494.67) provided in the Settlement Agreement, including the negotiated attorney fee contribution of $58,226.79.

### A. Class Counsel's Fee Request Is Fair and Reasonable.

Class Counsel request an award of attorney's fees and costs of $96,074.20.

To resolve this case, Hertz agreed to contribute $58,226.79 towards Class Counsel's

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 3
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

attorney's fees and costs. This contribution is in addition to amounts set aside for unpaid back wages and interest to Class Members.  This contribution represents approximately 61% of Class Counsel's total fee request. The remaining value, $37,468.94, will be paid from Class Members' gross recovery and represents approximately 6.44% of Class Members' gross recovery for back wages and interest. Because a majority of Class Counsel's fee request is paid by Hertz's contribution towards attorney's fees and costs, the request is fair and reasonable.

  **1. Class Counsel achieved excellent results for the Plaintiff and Class Members.**

  When calculating a fair and reasonable award, the results achieved by counsel are the most critical factor to consider. See *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Vizcaino*, 290 F.3d at 1048 ("exceptional results are a relevant circumstance" in awarding attorneys' fees). In this case, Class Counsel obtained an extremely favorable settlement for the Plaintiff and the Class.

  Prior to settlement, Hertz provided Plaintiff's counsel with payroll information, from which it calculated the aggregate damages. This process included identifying potential class members, the number of hours they worked and the various rates (straight time, overtime, holiday, etc.) at which they were actually paid. After performing this analysis, Class Counsel negotiated with Hertz to obtain a settlement value representing owed back wages and interest owed to Class Members. In doing so, Class Counsel effectively persuaded Hertz not to pursue the defenses and arguments presented in negotiations. After deducting the $96,074.20 in requested attorney's fees and costs and $1,000.00 for service award for the Class Representative, the remaining $542,420.47 will be paid directly to Settlement Class Members. This is an extremely favorable outcome and saves Class Members from the burden of individually litigating their claims.

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 4
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

2.  **Because of the complex issues in this case, the risk of loss for Plaintiff and Class Members was high.**

The Ninth Circuit recognizes that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work. *In re Wash. Pub. Power*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for Plaintiff who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking the risk of nonpayment by paying them a premium over their normal hourly rates"). *Omnivision*, 559 F. Supp. 2d at 1046-47 ("The risk that further litigation might result in Plaintiff not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees.").

Class Counsel prosecuted this matter on a purely contingent basis, agreeing to advance all necessary expenses, and to only recover fees if there was recovery. Class Counsel have invested considerable time and money in prosecuting this action. Further, Class Counsel has incurred additional fees by communicating with class members through the media, an informational website, and by telephone. Turner Dec., ¶5. Class Counsel's "substantial outlay, when there is a risk that that none of it will be recovered, supports the award of the requested fees" here. *Omnivision*, 559 F. Supp. 2d at 1047.

The Ordinance's hourly minimum wage was unprecedented in the United States, and thus, the legal issues surrounding its enforceability are novel and complex. Further, Hertz's mid-litigation payment of back wages to some Class Members created its own complex legal issues that could have forced years of hard-fought litigation. Because of Class Counsel's diligent and

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 5
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

pragmatic advocacy, the Plaintiff and the class members were able to overcome the risk of loss

and obtain a favorable outcome. As such, Class Counsel's request for a $96,074.20 fee-award is

fair and reasonable.

### B. Class Counsel's Quality of Work, Hourly Rate, and the Hours Worked Support the Requested Fee.

The "prosecution and management of a complex national class action requires unique

legal skills and abilities" that are to be considered when evaluating fees. *Omnivision*, 559 F.

Supp. 2d at 1047. Class Counsel are experienced class action litigators who have become

particularly skilled and experienced in litigating wage and hour class actions. In this action, their

firms have spent 259.36 hours efficiently applying their skill, education, and experience. Turner

Dec., ¶6, Whitmore Dec., ¶5.  Among the various performed, Class Counsel researched, and

briefed multiple legal issues, reviewed evidence and payroll information provided by Hertz, and

communicated with putative class members. *Id*. In negotiations, Class Counsel skillfully

advocated for their clients and Class Members but were realistic and pragmatic in their

settlement approach and financial benchmarks. Class Counsel's fee request reflects the numbers

of hours worked and the benefits of their labor.

### C. A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fee.

The Ninth Circuit has encouraged, but not required, courts to conduct a lodestar

crosscheck when assessing the reasonableness of a percentage fee award. *See In re Bluetooth*,

654 F.3d at 944 (stating "we have also encouraged courts to guard against an unreasonable result

by cross-checking their calculations against a second method" of determining fees). The first step

in the lodestar method is to multiply the number of hours counsel and non-attorney staff

reasonably expended on the litigation by a reasonable hourly rate. *Hanlon v. Chrysler Corp*, 150

F.3d 1011, 1029 (9th Cir. 1998); *see also Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d

1210 (9th Cir. 2003) (upholding lodestar-based fee award that included substantive case related work performed by attorneys, paralegals, and clerks).

**D.  Class Counsel's Lodestar is Reasonable.**

Class Counsel have devoted approximately 259.36 hours to the investigation, litigation, and resolution of this complex case and have additional time requirements, thereby incurring more than $97,718.96 in lodestar. Turner Dec., ¶11, Whitmore Dec., ¶5. Class Counsel spent time analyzing factual and legal issues, communicating with Plaintiff and class members, and analyzing payroll data for the 185 class members. Turner Dec., ¶2 and 3.  In addition, Class Counsel expects to incur additional hours shepherding this case through to final resolution. *Id.*, ¶7 and 11. This work will include overseeing the claims process, responding to objections (if any), drafting and filing a motion for final approval, and attending the final approval hearing. *Id*.

The time Class Counsel devoted to this case is reasonable. Plaintiff faced an uphill battle and a defendant with the legal and financial resources for protracted litigation. As discussed above, Class Counsel made every effort to prosecute the claims efficiently and quickly to an excellent resolution for the Plaintiff and class members. Class Counsel had no incentive to act in a manner that was anything but economical. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee.") Throughout this case, Class Counsel endeavored to provide diligent, pragmatic and effective representation. In negotiating this settlement, Class Counsel accomplished this.

**1.      Class Counsel's hourly rates are reasonable.**

Class Counsel's hourly rates are also reasonable.  In determining a reasonable rate, the

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 7
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates* 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Class Counsel are experienced, highly regarded members of the bar with extensive expertise in the area of class actions and complex litigation involving consumer claims like those at issue here. *See* Declarations of Duncan C. Turner and Daniel Whitmore filed with Motion for Preliminary Approval.

The rates charged for attorneys and staff members working on this matter range from $110.00 to $565.00, with the majority of the work performed by Mr. Turner at an hourly rate of $565.00 and Mr. Whitmore at an hourly rate of $495.00. These are the rates of Class Counsel in similar matters. These rates are also consistent with "reasonable rates" in other class actions. *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (approving hourly rates for work performed that ranged from $415 to $760); *Zwicker v. Gen. Motors Corp.*, No. C07-0291 JCC (W.D. Wash. 2008) (approving partners' hourly rates up to $650); *Dell v. Carideo*, No. C06-1772 JLR (W.D. Wash. 2010) (approving Plaintiff's fee request at comparable rates to those sought here); *Khadera v. ABM Indus., Inc.* C08-0417 RSM (W.D. Wash. Oct. 2012) (same); *Arthur v. Sallie Mae, Inc.* C10- 00198 JLR (Sept. 2012 W.D. Wash.) (same); *Meilleur v. AT&T Corp.* C11-01025 MJP (W.D. Wash. March 2013) (same). Class Counsel's hourly rates are reasonable and appropriate for calculating the lodestar.

**E.    Class Counsel Are Entitled to Reimbursement for Their Costs.**

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 8
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Class Counsel incurred out-of-pocket costs totaling $657.96 primarily to cover expenses representing costs such as filing fees, computerized legal research, investigation expenses, travel, and administrative costs such as copying, mailing, and messenger expenses. Turner Dec., ¶9. Class Counsel expects to incur an additional $1,000.00 in costs and expenses. *Id.*, ¶10. Class Counsel put forward these out-of-pocket costs without assurance that they would be recouped. Turner Dec., ¶9. These out-of-pocket costs were necessary to secure the resolution of this litigation, and should be recouped.

**F. The Requested Service Award for the Class Representative Is Reasonable.**

Service awards (sometimes called "incentive" awards) compensating named Plaintiff for work done on behalf of the Settlement Class attempt to account for financial or reputational risks associated with litigation and promote the public policy of encouraging individual Plaintiff to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009). To determine the appropriate service award, courts examine the Plaintiff's participation and actions, the degree to which the class benefitted from those actions, and the reasonable fear of workplace retaliation. *Staton*, 327 F.3d 938, 977 (9th Cir. 2003).

In this case, the Plaintiff courageously brought claims despite the perceived threat of workplace retaliation or harassment. The Plaintiff also worked with Class Counsel to provide their own payroll data, and information regarding the roles and duties of other workers at Hertz, Turner Dec., ¶12. This information aided Class Counsel in determining whether Hertz was a qualified employer under the Ordinance and the veracity of Plaintiff's claims. *Id*. The Plaintiff was not deposed and did not testify. *Id*. Considering his participation and personal risk, the requested incentive award of $1,000.00 for the class representative is reasonable and fair.

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 9
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

### III. CONCLUSION

Both the Plaintiff and Class Counsel faced risks in pursuing this action and these claims. Despite these risks, both Plaintiff and Class Counsel acted quickly and efficiently to demonstrate the economic benefit of an agreed-resolution to Hertz, and to negotiate a favorable settlement for wages owed under the Ordinance. Based on the actions of Plaintiff and Class Counsel, over 185 Hertz employees will receive compensation. Considering the benefit to the Class Members, both Class Counsel and Plaintiff's requests are reasonable and fair, and thus, should be awarded by the Court.

DATED this 27th day of August, 2018.

BADGLEY MULLINS TURNER PLLC

*s/Duncan C. Turner*
Duncan C. Turner, WSBA #20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Email:  dturner@badgleymullins.com
**Attorneys for Plaintiff and the Class**

LAW OFFICE OF DANIEL R. WHITMORE

*s/Daniel R. Whitmore*
Daniel R. Whitmore, WSBA #24012
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400
Email: dan@whitmorelawfirm.com
**Attorneys for Plaintiff and the Class**

PLAINTIFF'S MOTION FOR ATTORNEY'S EES,
COSTS AND CLASS REPRESENTATIVE'S
INCENTIVE AWARD - 10
2:16-cv-00333 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of August, 2018, the undersigned served a true and correct copy of the foregoing and its supporting documents on the following party(ies) via the method indicated below:

Daniel P. Hurley; Mark S. Filipini; Patrick M. Madden     [X] Email
K&L GATES LLP     [ ] U.S. Mail
925 4th Ave., #2900     [ ] Legal Messenger
Seattle, WA 98101     [ ] Facsimile
Tel: 206-623-7580
E-mail: daniel.hurley@klgates.com;
E-mail: mark.filipini@klgates.com;
E-mail: patrick.madden@klgates.com
**Attorneys for Defendants**

                     *s/ Jennifer Bates*
                     Jennifer Bates, Paralegal
                     **BADGLEY MULLINS TURNER PLLC**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686